Filed 2/27/14  P. v. Collins CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LIZ COLLINS,<br><br>    Defendant and Appellant. | D064019<br><br><br><br>(Super. Ct. No. SCD240609) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Liz Collins pled guilty to a violation of Vehicle Code section 2800.3, subdivision (a) (causing serious bodily injury while evading an officer) and Vehicle Code section 23153, subdivision (a) (driving under the influence and causing injury); admitted a great

bodily injury enhancement (Pen. Code, § 1192.7, subd. (c)(8))[1], two prison priors (§§ 667.5, subd. (b), 668), and one "strike" prior (§ 667, subds. (b) through (i), 1170.12, and 668); and agreed to a stipulated sentence of nine years four months. The court sentenced Collins to the stipulated sentence and imposed various fines and fees, including a restitution fine in the about of $4,320 (§ 1202.4, subd. (b) and a victim restitution fine in the amount of $2,293.12 for medical expenses.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[2]

On the evening of April 27, 2012, appellant pulled alongside a police car on routine patrol on 47th Street in the Logan Heights area of San Diego, then accelerated away at a high rate of speed. Officers followed as appellant continued to accelerate. The officers activated their overhead lights and siren in an effort to perform a traffic stop, but appellant failed to yield and accelerated to up to 70 miles per hour while traveling through an intersection. Appellant drove through a red light and then hit a pedestrian (Renita Winn) who was on the sidewalk.

Appellant left her vehicle, fled on foot and was eventually caught and arrested in the backyard of a nearby residence. Appellant, who appeared to be under the influence of alcohol, denied hitting a pedestrian. The pedestrian had a large laceration on her elbow and a puncture wound to her left leg.

---

[1]     Subsequent statutory references are to the Penal Code.

[2]     The facts are taken from the probation officer's report.

Appellant pled guilty on October 1 and was sentenced on December 17, 2012, with the court reserving jurisdiction to determine the amount of victim restitution. Appellant waived her right to be present at the restitution hearing. On March 27, 2013, the court imposed a stipulated restitution fine of $2,293.12. On May 23 appellant mailed from prison a notice of appeal challenging the March 27 victim restitution order and a request for a certificate of probable cause, asserting several alleged errors including claims of ineffective assistance of counsel, involuntary guilty plea and an illegal sentence. These documents were filed in superior court on May 31. The court did not rule on the request for a certificate of probable cause.[3]

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to as possible but not arguable issues, whether:

(1) the court properly ordered a victim restitution fine in the amount of $2,293.12 (including whether the issue was forfeited by the failure to object; whether the amount was properly determined; and whether counsel's stipulation regarding the amount of the fine was proper in the absence of appellant's personal agreement);

---

[3]     Because the notice of appeal is arguably timely and the request for probable cause arguably raises issues that can be challenged following a guilty plea, we exercise our discretion to review this matter in accord with *Wende* procedures rather than dismissing it.

(2) the court committed prejudicial error in imposing a restitution fine in the amount of $4,320 (including whether the issue is cognizable on appeal based on a notice mailed in May 2013 and whether the issue is cognizable on appeal because appellant waived her appellate rights when she entered her guilty plea, failed to object to the fine at sentencing, and did not obtain a certificate of probable cause);

(3) the court erred in denying appellant's request for a continuance of her sentencing hearing; and

(4) the court failed to award the proper presentence custody credits.[4]

We granted appellant permission to file a brief on her own behalf. She has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel, has disclosed no reasonably arguable appellate issues.  Competent counsel has represented appellant on this appeal.

---

[4]     Appellant recognizes the erroneous computation of presentence custody credits must be raised first in the trial court and this matter is currently pending in superior court.

DISPOSITION

The judgment is affirmed.


                                                                    HALLER, J.

WE CONCUR:


McCONNELL, P. J.


McINTYRE, J.